28 C.C.P.A. (Patents)

### In re SHETLER.

### Patent Appeal No. 4477.

Court of Customs and Patent Appeals.

June 9, 1941.

Barnes, Kisselle, Laughlin & Raisch, of Detroit, Mich., (John M. Kisselle, of Detroit, Mich., of counsel) for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1 to 4, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in pumps, particularly to a shallow well type pump having two separate units, one, the power unit comprising a motor, belt, flywheel, crank, connecting rod, etc., and a frame therefor, and the other, the pump unit, arranged to be secured to the frame by means of bolts, comprising a cylinder, piston, and valves.

It appears from appellant's application that the pump elements—the cylinder and piston—require frequent servicing, and it was appellant's purpose to so arrange the pump unit that it might be readily and easily separated from the frame without detaching or disturbing any part of the power unit. To that end, appellant designed his pump unit so that "the vacuum port and fixtures and the supply port and fixtures are formed as a part of the power unit housing," thus the "pump housing is entirely freed of all exterior fittings."

Claim 2 is illustrative of the appealed claims. It reads: "2. A pump comprising a power end including framework for the power transmitting means, said framework having inlet and outlet passageways

and conduits permanently connected thereto, a double-cup piston extending from a piston guide in said power end, and a pumping unit removably connected to said framework having ports adapted to register with said passageways and having a cylinder adapted to register with said piston, said piston and cylinder being located off center of their respective housings whereby assembly of said pumping unit may be accomplished without reversal of parts."

The reference is: Austrian patent, No. 34,045, of 1908.

The reference patent discloses a pump "removably connected" to a frame by means of bolts and nuts, which, as stated by the Primary Examiner, is "as readily detachable as is applicant's without disturbing other parts of the unit." The patentee states that the pump unit can be removed *by loosening the bolts* (referred to as "T-headed bolts") by means of which it is attached to the frame.

With reference to the element in the claims that the piston and cylinder are located off center "whereby assembly of said pumping unit may be accomplished without reversal of parts," the Primary Examiner said: "No patentable advantage is seen in having the piston rod off center from the inlet ports. Any mechanic working with this pump would know the top from the bottom of the pump unit."

The examiner held that it would not require invention to alter the Austrian patent so that it would conform to that particular limitation set forth in appealed claim 2.

In affirming the decision of the examiner rejecting the appealed claims, the Board of Appeals said, among other things:

"Appellant argues that the pump of the reference will fall into a plurality of loose parts when the bolts are removed. We find nothing in the appealed claims, however, limiting the structure to a pump *which will remain united together when detached*. We do not consider that the word 'unit' is a limitation of this nature. It is our view, however, that there was no invention in providing means to hold the parts together if desired.

"As to arranging the piston and cylinder off center so that the pump could not be mounted in improper position, this is only one of the many ways in which such improper assembly could be prevented. We do not consider that there was any invention in adopting this particular expedient." (Italics not quoted.)

Counsel for appellant here contend that the term "pumping unit," used in the appealed claims, should be interpreted to mean that the pump unit is an "integral part separable from the main pump housing," and that such interpretation is required if that term is considered in the light of appellant's specification. It is further contended by counsel that when appellant's pump unit is removed from the frame the parts of the pump will not fall apart, whereas, it is argued, if the T-headed bolts in the reference structure were removed so as to detach the pump unit from the frame, the various parts of the pump unit would fall apart.

It is pointed out by the Solicitor for the Patent Office, however, that the patentee does not teach that the T-headed bolts should be removed in order to remove the pump unit from the frame, but, on the contrary, teaches that the pump unit can be conveniently removed by *merely loosening the bolts*. Furthermore, as stated by the solicitor, a T-headed bolt, such as is disclosed in the Austrian patent, "has the peculiarity that when it is crosswise of the slot the bolt head will not go through the slot, but when the T-head is turned so that the arms of the T-head are in alignment with the slot, then the head of the bolt will go through the slot. This sort of connection allows the bolted unit [the pump unit] to be removed without taking off the nut from the bolt."

It is evident that, although the patentee's pump unit is composed of several separate parts, those parts will not fall apart if, as stated by the patentee, in removing the pump unit from the frame, the bolts are merely loosened. Furthermore, as stated by the Board of Appeals, there is nothing in the appealed claims to indicate that the "pumping unit" referred to therein is integral.

That limitations may not be read into the appealed claims in order to avoid the prior art is so well settled that authorities need not be cited.

Relative to the off-center position of the piston and cylinder from the ports and bolts which, it is argued by counsel for appellant, prevents improper installation of the pump unit, it is sufficient to say that there is nothing of record to indicate

that the Primary Examiner and the Board of Appeals erred in holding that that arrangement does not lend patentability to the appealed claims.

It may be, as argued by counsel for appellant, that appellant's pump is an improvement over the prior art structure. It may also be that appellant's pump has met with commercial success, although there is no evidence of record upon which to base a finding to that effect.

■ We are in agreement with the views expressed by the tribunals of the Patent Office that the structure defined by the appealed claims does not involve invention in view of the disclosure in the reference of record.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.